THOMAS J. JONES, Appellant, *v.* THE FIREMAN'S FUND INSURANCE COMPANY, Respondent.

Defendant issued to plaintiff a policy insuring him against loss by fire upon a stock of fire-works and other merchandise, hazardous and extra hazardous, in the city of New York. In the classification upon the policy, fire-works were classified as specially hazardous. It was provided in the policy that whenever any article subject to legal restriction should be kept in quantities or in a manner not allowed by law, unless the use or keeping was specially provided for, the policy should be void. By an ordinance of the city, fire-works, excepting " works of brilliant-colored fires," were allowed to be kept in limited quantities for a limited time, and upon permission, for retailing. Plaintiff purchased and placed in his store a quantity of signal lights classed as " works of brilliant-colored fires." A fire occurred, which the evidence tended to show originated in the signal lights. In an action upon the policy the court directed a verdict for plaintiff. *Held*, error; that it could not be presumed that the policy was intended to cover an article so specially hazardous that the assured was prohibited from keeping it, but that the term fire-works, within the meaning of the policy, only had reference to such fire-works as might, by permission, be kept in store; that if defendant was not entitled to a nonsuit, it at least was entitled to have the question whether the risk was increased submitted to the jury.

(Argued September 21, 1872; decided January term, 1873.)

APPEAL from order of the General Term of the Court of Common Pleas of the city and county of New York, setting aside a verdict in favor of plaintiff and granting a new trial. (Reported below, 2 Daly, 307.)

The action was brought upon a policy of insurance issued by the defendant to the plaintiff on the fourteenth day of February, 1865, insuring the plaintiff against loss or damage by fire to the amount of $2,500 on a stock of fire-works, ordnance stores and other merchandise, hazardous and extra hazardous, his own or sold on commission, or sold but not delivered, contained in a brick building, No. 16 John street, in the city of New York, for one year from the assuring the same. Fire-works, other than fire-crackers, were not mentioned in the list of hazards annexed to the policy under the denomination of hazardous or extra hazardous, and it was

provided by the policy that if, at any time during the period for which it would otherwise continue in force, the premises should be used for the purpose of carrying on therein any trade or occupation, or for storing or keeping therein any articles, goods or merchandise denominated hazardous or extra hazardous, or specially hazardous, in the second class of the classes of hazards annexed to the policy, except as in the policy specially provided for or thereafter agreed to by the defendant in writing upon the policy, from thenceforth so long as the same should be so used the policy should be of no force or effect. In the second class of the classes of hazards annexed to the policy there was, in the enumeration of articles, under the head of hazardous, " fire-crackers in packages," and under the head of extra hazardous, "matches, stocks of, on sale." Articles denominated specially hazardous are not mentioned in that class; but in the third class of the classes of hazards there are articles denominated specially hazardous, and among them are " fire-works." It was further provided in the policy that whenever gunpowder or any other article subject to *legal* restriction should be kept in quantities greater than the law allows, or in a manner different from that prescribed by law, unless the use or keeping was specially provided for in the policy, the policy should be void. By an ordinance of the common council of the city of New York to prevent the storage of fire-works within the limits of that city, adopted in June, 1856, it was ordained that no person should thereafter " store any fire-works of any kind or description other than Chinese fire-crackers within the limits of that city," except as in the ordinance provided. The ordinance provided that " fire-works, *excepting* colored pot and lance wheels, *and other works of brilliant-colored fires,* not exceeding in value $1,000, might be kept for retailing within the fire limits from the tenth day of June to the tenth day of July of each year, and no longer except by permission, such permission to be granted by the chief engineer of the fire department; and if any fire-works were kept in violation of the ordinance, the same might be seized by any police officer of

the city upon an order of the mayor, and kept at some suitable place beyond the fire limits, and sold on three days notice, and the proceeds of the sale, after deducting the expenses of the seizure and sale, paid to the treasurer of the fire department for the use of the fund." On the 26th of August, 1865, a fire occurred in the building mentioned in the policy containing the insured property, which resulted in a total destruction of the property insured, of the value of the sum for which it was insured. It appeared that about a week before the fire occurred the defendant purchased a quantity of signal lights, such as were in the ordinance called "works of brilliant-colored fires," his object being to fill an order from a customer, a few of which remained and were among his insured goods when the fire occurred. The evidence tended to prove that he kept such goods constantly in his store, and that the risk of fire was not only greatly increased thereby, but that it originated in the signal lights thus purchased and placed in his store. Upon this state of facts the defendant's counsel asked the court to dismiss the plaintiff's complaint, but the court declined, and the defendant excepted. The counsel then asked permission to address the jury on the question whether or not by keeping those goods the risk was increased, but the court held that there was no question for the jury, and directed a verdict for the plaintiff for the sum claimed by him, to which the defendant excepted.

The jury rendered a verdict as directed, and the exceptions were ordered to be heard in the first instance at General Term.

*John H. Reynolds* for the appellant. Plaintiff has violated no provision or condition of the policy, and was entitled to recover. (*Dobson* v. *Sotheby,* 1 Moody & M., 901; S. C., 22 Eng. C. L., 481; *N. Y. Equitable L. Ins. Co.* v. *Langdon,* 6 Wend , 623; *Moore* v. *Protection Ins. Co.,* 29 Me., 97; *O'Neill* v. *Buffalo F. Ins. Co.,* 3 Comst., 122; *Hynd* v. *Schenectady Ins. Co.,* 1 Kern., 554; *Harper* v. *Mut. Ins. Co.,* 17 N. Y., 198.)

*Samuel Hand* for the respondent. The phrases "subject to legal restrictions," "greater than the law allows," "in a manner different from that prescribed by law," in the policy, are applicable to the city ordinance put in evidence. (*Bell* v. *Quin*, 2 Sandf., 146; *Beman* v. *Hugnat*, 5 id., 153.) The printed part of an agreement is only rejected when necessarily and absolutely inconsistent with the written. ' (*Barhydt* v. *Ellis*, 45 N. Y., 107.) There being a violation of the condition of the policy, defendant's motion for a nonsuit should have been granted or the question submitted to the jury. (*Pindar* v. *Cont. Ins. Co.*, 38 N. Y., 364; *Hayward* v. *Liv. and Lond. Ins. Co.*, 3 Keyes, 456; *Murdock* v. *Chenango Ins. Co.*, 2 Comst., 210; *Roberts* v. *Same*, 3 Hill, 501.)

Gray, C. The contract of insurance was against loss by fire on the plaintiff's stock of fire-works and merchandise, hazardous and extra hazardous. The only description of fire-works to be found in any class of hazards annexed to the policy denominated hazardous or extra hazardous is fire-crackers. There is mentioned, in a separate class of hazards denominated specially hazardous, fire-works, but no mention is made of the kind or description; and inasmuch as there was, at the time the contract of insurance was made, an ordinance of the common council of the city of New York in force prohibiting "works of brilliant-colored fires" from being stored within the city limits, and as fire-works are of various kinds and in different degrees dangerous, we are not to presume that the agreement to insure the plaintiff against loss was intended to cover an article so specially hazardous that he had no right to store it; but that fire-works, in the sense in which the term was used, had reference to such fire-works as were in the prohibition excepted or might by permission be kept for retailing. The prohibited article was kept in the defendant's store, surrounded by other merchandise *covered* by the policy, and the *evidence* at least *tended* to prove that the risk was thereby increased; and hence, if upon the whole case the defendant was not entitled to a nonsuit, he was enti-

tled to have the question whether the risk was not thereby increased submitted to the jury.

The order for a new trial was properly granted and should be affirmed, and judgment absolute rendered against plaintiff, with costs.

All concur.

Order affirmed and judgment accordingly.